```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN SMITH                     :    CIVIL ACTION
                                 :    NO. 07-1475
          v.                     :
                                 :
NORTH AMERICAN SPECIALTY         :    CIVIL ACTION
INSURANCE CO., et al.            :    NO. 07-1502
```

MEMORANDUM

Bartle, C.J.                                           June 28, 2007

      Plaintiff, Steven Smith ("Smith"), filed this action on March 12, 2007 against defendants North American Specialty Insurance Company ("North American") and the Internal Revenue Service ("IRS") in the Court of Common Pleas of Philadelphia County. Both defendants timely removed the action to this court. Although each defendant's Notice of Removal was assigned a separate civil action number by the Clerk's Office, we have consolidated the actions. In a Memorandum and Order dated May 21, 2007, we granted the motion of the IRS to dismiss the complaint as to it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Before the court is the motion of North American to dismiss under Rule 12(b)(1) and (b)(6).

I.

      For present purposes, we take as true all well-pleaded facts in the complaint. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004). We do not repeat the entire history of the litigation which we set forth in our

previous Memorandum in this case.  See Smith v. North American Specialty Ins. Co., 2007 WL 1521127 (E.D. Pa. May 21, 2007). Suffice it to say, plaintiff was retained by Safeguard Lighting Systems ("Safeguard") to adjust an insurance claim it had against North American for water damage to its property.  Safeguard sued North American for failure to pay what Safeguard deemed to be due under the insurance policy.  On February 4, 2005, the lawsuit was settled for $500,000, and we dismissed the action under Local Civil Rule 41.1(b).  Instead of paying the proceeds to Safeguard, North American promptly paid the $500,000 to the IRS in satisfaction of an IRS levy against Safeguard for back taxes. Smith now seeks to recover his $40,000 fee from North American.

In our Memorandum and Order of May 21, 2007, we held that Smith's claim was one for wrongful levy by the government and that the exclusive remedy for such a claim lies against the United States pursuant to 26 U.S.C. § 7426(a)(1).  We also explained that Congress provided a nine-month limitations period for failing actions under § 7426(a)(1).  See 26 U.S.C. §§ 6532(c)(1), (2).  Our Court of Appeals has held the limitations in § 6532(c) are jurisdictional and not subject to equitable tolling.  Becton Dickinson & Co. v. Wolckenjauer, 215 F.3d 340 (3d Cir. 2000).  The IRS levy in this case took place on February 8, 2005, and Smith did not file this lawsuit until March 12, 2007.  We concluded that his action was time-barred as outside the nine-month limitation period set forth in § 6532(c)(1).  Smith, 2007 WL 1521127, *2.

II.

Plaintiff argues that his claim against North American is a typical breach of contract claim under Pennsylvania law. We disagree with this characterization. To the contrary, Smith "claims an interest in" property on which "a levy has been made" by the IRS and thus his only remedy is against the United States. 26 U.S.C. § 7426(a)(1); Smith, 2007 WL 1521127.

In exchange for his advice and assistance adjusting its water damage insurance claim, Safeguard assigned Smith "the insurance claim and the proceeds thereof and any monies arising therefrom ..." as security for his fee. Safeguard and North American settled that insurance claim for $500,000, and so the security for Smith's fee was the $500,000 settlement proceeds. North American, however, paid the entire amount of the settlement directly to the IRS to satisfy a levy against Safeguard as required by federal law. See 26 U.S.C. § 6332(a). Having paid the $500,000 to the IRS in compliance with its levy against Safeguard, North American was entitled to the protection of § 6332(e), which provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Id. § 6332(e).  This section discharged North American from "any obligation or liability to ... any other person with respect to such property or rights to property arising from" its surrender of the $500,000 settlement proceeds to the IRS.  Put simply, North American cannot be held liable under state law for doing what it was legally obligated to do under 26 U.S.C. § 6332(a).  United States v. Triangle Oil, 277 F.3d 1251, 1254 (10th Cir. 2002); Moore v. General Motors Pension Plans, 91 F.3d 848, 851 (7th Cir. 1996).

  Smith's security interest is in property levied by the IRS, and his sole remedy is against the United States.  Id.  Accordingly, we must dismiss Smith's complaint against North American for failure to state a claim upon which relief can be granted.

```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN SMITH                      :      CIVIL ACTION
                                  :      NO. 07-1475
         v.                       :
                                  :
NORTH AMERICAN SPECIALTY          :      CIVIL ACTION
INSURANCE CO., et al.             :      NO. 07-1502
```

                                ORDER

      AND NOW, this 28th day of June, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant North American Specialty Insurance Company to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.

                                                                 BY THE COURT:

                                              /s/ Harvey Bartle III
                                                                         C.J.